IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAKOTA COMER,

                Plaintiff,

v.                                        CIVIL ACTION NO.   2:24-cv-00024

DIVERSIFIED PRODUCTION LLC
*a Pennsylvania limited liability company,*

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Diversified Production LLC's ("Defendant") Motion for Summary Judgment. (ECF No. 35.) For the reasons stated below, Defendant's motion is **GRANTED**.

### I.    BACKGROUND

This case originated in the Circuit Court of Jackson County, West Virginia on December 14, 2023. (ECF No. 1.) The complaint was amended on December 21, 2023. (*Id.*) Defendant removed the case to this Court on January 10, 2024. (*Id.*)

As alleged in the Amended Complaint, Dakota Comer ("Plaintiff") owns a tract of land ("subject property") in Jackson County, West Virginia, on which Defendant operates a well. (*Id.*) In March 2022, Plaintiff began smelling natural gas on the subject property. (*Id.*) Plaintiff's personal inspection of the well on the subject property revealed a hydrogen sulfide tank. (*Id.*) After Plaintiff's Aunt, Rachel Comer, unsuccessfully attempted to contact Defendant, Ms. Comer

1

contacted the West Virginia Department of Environmental Protection ("WVDEP") to notify them of the gas leak. (*Id.*) In November 2022, Defendant began moving equipment onto and through the subject property to plug the well without providing Plaintiff notification. (*Id.*) During attempts to plug the well, Defendant dug up and disturbed Plaintiff's property around the well. (*Id.*) As alleged, Defendant "grossly mismanaged" attempts to plug the well and did not follow reclamation plans or the West Virginia Erosion and Sediment Control Field Manual, which resulted in damage to the subject property. (*Id.*) Plaintiff alleges that Defendant owed Plaintiff a duty to properly maintain and plug the well and Defendant's negligence was a breach of that duty which caused injury to Plaintiff. (*Id.*)

Defendant filed their Motion for Summary Judgment on February 3, 2025. (ECF No. 35.) Plaintiff responded on February 17, 2025, (ECF No. 37), and Defendant replied on February 24, 2025 (ECF No. 38.) Therefore, Defendant's motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

A grant of summary judgment is appropriate when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For the nonmovant to survive a summary judgment motion, they must counter with a "show[ing] that there is a genuine dispute of material fact." *Simmons v. Whitaker*, 106 F.4th 379, 384–85 (4th Cir. 2024). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News and Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). Either party may prove or disprove a genuine dispute of material fact by "citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In determining the existence of a genuine dispute of material fact, the Court must "view all facts, and reasonable inferences taken therefrom, in the light most favorable to the nonmoving party." *Bhattacharya v. Murray*, 93 F.4th 675, 686 (4th Cir. 2024).

### III.　DISCUSSION

In support of their Motion for Summary Judgment, Defendant raises four main arguments: (1) Plaintiff failed to join a necessary and indispensable party[1]; (2) Plaintiff has not produced any admissible evidence as to how Defendant's activities caused damage to the subject property; (3) Defendant's actions were in compliance with its rights as the lessee of the minerals on the subject property; and (4) Plaintiff's claims cannot exceed the fair market value of the subject property. (*See* ECF No. 36.) These arguments are addressed in kind below.

#### A. *Plaintiff's Failure to Produce Sufficient Evidence of Damages*

Defendant first argues that Plaintiff failed to establish sufficient evidence of damages. (ECF No. 36 at 4.) Defendant asserts that Mr. Cart's testimony is rife with evidentiary shortcomings, including claims that: Mr. Cart could not identify what damage occurred on the subject property; he did not know what the property or road conditions were prior to plugging the well; he did not take any soil samples or make any measurements; he did not know who had an obligation to maintain the road; and he has no experience or training in gas well reclamation work. (*Id.* at 4-5.) For the amount in damages that Plaintiff alleges, Defendant argues that it is

---

[1] The Court need not address this argument because summary judgment may be granted on other grounds.

speculative, is based on unsupported estimates, and notes that Mr. Cart admitted he could not state to a reasonable degree of engineering certainty the cost of repairs to the subject property. (*Id.* at 5.)

In opposition, Plaintiff argues that Defendant is attempting to discredit the damage report and notes that "deciding the credibility of an expert is the purview of the jury and a question of fact." (ECF No. 37 at 4.) In further opposition, Plaintiff provides a portion of Mr. Cart's expert report outlining damages to the subject property and describes how the damage estimates were based on costs of similarly situated reclamation projects, rather than speculation or conjecture. (*Id.* at 5.)

Plaintiff brings this suit under a claim of negligence. (ECF No. 1-1.) "In West Virginia, a plaintiff must establish four basic elements to succeed on a claim for negligence: (1) duty; (2) breach of duty; (3) causation; and (4) damages." *Campbell v. Bos. Sci. Corp.*, 2016 WL 5796906, at *6 (S.D. W. Va. Oct. 3, 2016). Under West Virginia law, "proof of damages cannot be sustained by mere speculation or conjecture." *Nutter v. Marteney*, 2024 WL 4137323 at *6 (S.D. W. Va. Sep. 10, 2024) (citing *Spencer v. Steinbrecher*, 164 S.E.2d 710, 715 (W. Va. 1968)). "Actual damages . . . must be proved." *Metro Towers, LLC v. Duff*, 2022 WL 2037685 at *6 (N.D. W. Va. June 6, 2022) (citing *Rodgers v. Bailey*, 69 S.E. 698, 699 (W. Va. 1910)). In civil actions seeking damages, "the evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved." *Id.*

In his response memorandum, Plaintiff does little to argue that the damages calculation is not speculative. For example, Plaintiff provided an excerpt of Mr. Cart's expert report which

4

"details the damages to the subject property," but this excerpt merely describes the injuries suffered, it does not explain the value of those injuries and how such calculations were made. (ECF No. 7 at 4-5.) Plaintiff also asserts that Mr. Cart's damage estimates are not just guesses because he is a professional engineer with decades of experience and derives his estimates from "bids that have been done recently for DEP work." (*Id.* at 5.)

Despite Plaintiff's claims, the record is replete with evidence that Mr. Cart's $104,308.00 estimate to repair the property is mere speculation. For example, Mr. Cart admitted that when he visited Plaintiff's property, he was not able to determine the boundary between Plaintiff's and Rachel/Scott's property. (ECF No. 35-14 at 30.) Mr. Cart was unaware of the condition of Plaintiff's property prior to the plugging operations. (*Id.* at 33.) Mr. Cart also did not conduct any measurements or testing on the property, including soil samples. (*Id.* at 36.) As for how Mr. Cart estimated the damages, he did not contact any contractors to receive estimates and made guesses about what permits would be required. (*Id.* at 75; 82-83.) Mr. Cart's estimate of $25,000 for "engineering plans and permits" was based on "a number that we generally use for obtaining permits for this type of project," despite Mr. Cart's lack of knowledge as to what specific permits would be required. (*Id.* at 82-83.) This is, of course, placed in the context that Mr. Cart was unsure of the boundary between Plaintiff's property and the Rachel/Scott property. Mr. Cart admitted that because he did not know this boundary, he was unable to state with "a reasonable degree of engineering probability" how much equipment would need to be mobilized onto each property, despite equipment mobilization being a part of Mr. Cart's damages estimate. (*Id.* at 69.) Based on the evidence presented, there is not a genuine dispute of material fact as to actual damages because the damages alleged are too speculative. The damages alleged are not supported

5

by sufficient data and facts that are reasonably certain for a jury to find compensation for the injuries suffered.

### B. Defendant's Actions Complied with their Rights

Defendant argues that because the natural gas well was operated pursuant to a valid oil and gas lease on the subject property, Defendant's actions in plugging the well were in full compliance with its rights as the lessee of the minerals underlying the property. (ECF No. 36 at 6.) The lease allowed Defendant to make use of the subject property surface in connection with oil and gas operations. (*Id.*) Defendant argues that the question is not whether damages have been done, but rather, whether the damages are a result of an unreasonable use of the surface. (*Id.* at 8.) In opposition, Plaintiff argues that Defendant's violations of WV state code, improper flaring and well plugging efforts, and improper reclamation were not reasonable uses of the surface. (ECF No. 37 at 6.) In support, Plaintiff claims that he has "numerous witnesses to testify as to the unreasonable plugging attempt." (*Id.*)

In *Adkins v. United Fuel Gas Co.*, the West Virginia Supreme Court of Appeals held that whether there has been an unreasonable use of the surface by the owner of the mineral rights is a question for the court. 61 S.E.2d 633 (W. Va. 1950) ("[i]t may be said at this point that we do not think that whether the plaintiff's rights have been invaded, or whether the defendant has exceeded its rights are questions of fact for determination of the jury.") The Fourth Circuit subsequently utilized the standard applied in *Adkins*. *Justice v. Pennzoil Co.*, 598 F.2d 1339, 1343 (4th Cir. 1979) ("the district court erred in submitting the issue of unreasonable use to the jury").

Here, Plaintiff claims that he will produce "numerous witnesses" as to how the plugging attempt was unreasonable but fails to identify the witnesses and what they will testify about.

6

Plaintiff has not produced any deposition transcripts or affidavits from the "numerous witnesses" to back this claim. Without actual evidence presented by Plaintiff that the plugging attempt was unreasonable, a genuine dispute of material fact does not exist as to whether Defendant's actions were unreasonable, and Plaintiff's argument fails as a matter of law.

### C. Plaintiff's Claims Cannot Exceed the Subject Property's Fair Market Value

Finally, Defendant argues that Plaintiff's claims cannot exceed the fair market value of the subject property under West Virginia law. (ECF No. 36 at 9-11.) The 63-acre subject property was purchased for $71,000.00 in January 2022. (*Id.*) The damages are alleged to have occurred on approximately 0.79 acres of property. (*Id.*) Defendant argues that even if one extrapolates this damage to the entire property, the claim of $104,308.00 in repair costs is unreasonably disproportionate to the fair market value of the property prior to the damage. (*Id.*) In opposition, Plaintiff asserts that Defendant misrepresents the law and argues that this is an issue for the trier of fact, not the court. (ECF No. 37 at 6-7.)

Despite his claim, Plaintiff is the one misrepresenting the law. As the West Virginia Supreme Court of Appeals held in *Brooks v. City of Huntington*, "to the extent that damages for cost of repair to residential real property exceed the fair market value of the property before it was damaged, damages awarded for cost of repair must be reasonable in relation to its fair market value before it was damaged. The measure of reasonable cost of repair damages is an issue for the trier of fact, *but may be found to be unreasonable as a matter of law if unreasonably disproportionate to the fair market value of the property prior to the damage*." 768 S.E.2d 97, 106 (W. Va. 2014) (emphasis added). In his response memorandum, Plaintiff omitted the latter portion of the quote. (ECF No. 37 at 6-7.) Not only did Plaintiff incorrectly state the law, he completely failed to

address whether the repair costs were unreasonably disproportionate to the fair market value of the property. Because Plaintiff failed to offer any evidence or arguments that the repair costs are not unreasonably disproportionate to the fair market value of the property, no genuine dispute of material fact exists, and Defendant is entitled to judgment as a matter of law.

### IV.   CONCLUSION

For the above-mentioned reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (ECF No. 35.)

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 4, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE